| iKUHN, Judge
dissenting.
I respectfully dissent from the majority’s holding under the facts of this case.
In holding that the trial court properly denied the Fund’s motion for new trial, the majority states that R.S. 40:1299.44(0(6) gives the Fund an interest in a malpractice claim only during the appeal process. The majority finds further support for this position in the supreme court’s statement in Felix v. St. Paul Fire and Marine Insurance Company, 417 So.2d 676, 682 (La.1985) that “the fund may intervene for the purpose of appealing an excess judgment against [itself].” It then concludes that because the motion for new trial is not a part of the appeal process, the Fund has no right to intervene and file a motion for new trial.
*1083 I disagree. The issue in Felix was whether the Fund had a right to intervene in a suit, after final judgment, to appeal the excess judgment against the fund. Relying on articles 1091 and 2086 of the Louisiana Code of Civil Procedure, the supreme court concluded that the Fund had the right to intervene for the purpose of appealing the final judgment. In so concluding, it made no indication whether the Fund could have intervened for the purpose of seeking a new trial to contest the amount of damages awarded in excess of $100,000. Article 1091 provides that “a third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by ... [ujniting with defendant in resisting the plaintiffs demand; or ... [ojpposing both plaintiff and defendant.” I fail to see any prohibition of an entity, such as the Fund, which could intervene for the purpose of appealing, intervening to timely seek a new trial ^regarding an issue which it could otherwise appeal. This would also serve the interests of judicial economy in that upon consideration of the motion for new trial, the trial court could correct any errors asserted by the intervening Fund and possibly alleviate any need for an appeal.
Further, the Medical Malpractice Act provides the Fund with the right to a trial to oppose the amount of damages sought above $100,000 where there has been a settlement and liability established. However, according to the majority’s holding, the Fund lacks such a right when the issue of liability is established by trial with the health care provider. Although it is clear that the Fund has no right to challenge any findings as to liability, its right to challenge damages should not depend upon the procedural posture in which the case comes before the trial court. Thus, I would allow the Fund to intervene for the purpose of filing a motion for new trial on the issue of damages.
I further believe it was error to allow Our Lady of the Lake Regional Medical Center (OLOL), the same entity that committed malpractice upon the decedent (and thus caused the decedent to incur over $300,000 in medical expenses), to recover the cost of medical services it provided to the decedent as a result of its negligence. Clearly, by being granted the right to recover these expenses out of the damages for medical expenses awarded to the plaintiff from the Fund, OLOL has been unjustly enriched. At a minimum, OLOL should have been able to only recover the actual costs of its services rendered and/or supplies provided in connection with its treatment of the decedent, without any profit constituting an element of the charges billed to the plaintiffs and held to be recoverable by the trial court. In affirming the holding of the trial court in this respect, justice is not served. To the extent that the Louisiana Medical Malpractice Act dictates this unjust result, I note the need for reexamination of this aspect of the act by our legislature.